UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

CINDY TUCKER,

    Plaintiff,

v.

WABTEC US RAIL, INC. f/k/a
XORAIL, INC.,
a Foreign Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR A JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, CINDY TUCKER ("Ms. Tucker" or "Plaintiff") files this Complaint against Defendant, Wabtec US Rail, Inc., formerly known as, Xorail, Inc. ("Wabtec" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any other damages permitted by law.

## JURISDICTION, VENUE AND PARTIES

2. This Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also has supplemental jurisdiction over Plaintiff's FCRA, as they arise out of the same operative facts and circumstances as her ADA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Duval County, Florida, and this venue is therefore proper.

5. Defendant is a foreign corporation that is located and does business in Duval County, Florida, and is therefore within the jurisdiction of the Court.

6. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

## CONDITIONS PRECEDENT

8. On or around April 8, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

9. More than 180 days have passed since the filing of the Charge of Discrimination.

10. On August 23, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

11. Plaintiff timely files this action within the applicable period of limitations against Defendant.

12. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

13. Ms. Tucker worked for Wabtec and its predecessor(s), most recently as a Senior Signal Designer, from December 3, 1993, until her termination on September 30, 2019.

14. As Wabtec has known for one (1) or two (2) years, Ms. Tucker has long suffered from an ongoing disability, namely fibromyalgia.

15. In September of 2018, Ms. Tucker's treating physician recommended that she try CBD (cannabidiol) oil in order to treat and address symptoms of her

3

disability, as the ibuprofen that she had been taking was causing her gastric upset and a rash.

16. In May of 2019, Ms. Tucker began lawfully using CBD oil that was lawfully purchased, as directed, as an alternative treatment for her disability.

17. The CBD product Ms. Tucker used is not a controlled substance under federal law as it was a hemp-based product which was labeled to contain less than 3% of THC, specifically a maximum .22%. CBD oils, which are processed from the hemp plant, which are legal to possess under the new federal law as long as they, too, contain no more than 0.3 percent THC.

18. On September 9, 2019, Wabtec selected Ms. Tucker for drug testing.

19. On September 16, 2019, Wabtec's Medical Review Officer informed Ms. Tucker that her drug test had come back positive for cannabis usage.

20. At that time, Ms. Tucker approached her Wabtec Supervisor, Luis Ramos, and contested the results of the drug test, explaining to Mr. Ramos (as she had quickly explained earlier to Wabtec's Medical Review Officer) that she had never used marijuana, had refused her treating physician's offer to prescribe medical marijuana, and had only ever used CBD oil, as directed, which she had purchased lawfully and over the counter several months prior.

21. Prior to this test, throughout her entire employment with Defendant, Ms. Tucker never received a positive test.

22. Ms. Tucker attempted at that time to engage Mr. Ramos in a conversation about potential reasonable accommodation for her disability, including

4

the possibility of using over-the-counter CBD oil in order to treat symptoms of same, and the possibility that it might produce positive tests for cannabis usage.

23. Mr. Ramos refused to engage Ms. Tucker in the interactive process to ascertain whether there were reasonable accommodations available.

24. At this time, Ms. Tucker objected that Defendant was treating her differently due to her disability.

25. Ms. Tucker offered to take a lie-detector test, at her own expense, to confirm she had only ever used CBD oil, as directed by her treating physician, and dispel the false positive tests earlier.

26. However, Defendant failed to consider an

27. On September 30, 2019, Wabtec's Human Resources Manager, Stacey Cummings, informed Ms. Tucker via telephone that Wabtec had taken the decision to terminate her employment after decades, effective immediately.

28. In her two decades of employment with Defendant, Ms. Tucker never tested positive for any controlled substances.

29. Wabtec attempted to justify its adverse employment action against Ms. Tucker by referring to the recent drug tests.

30. In reality, these were a pretext for Wabtec's discrimination and retaliation against Ms. Tucker for suffering a disability and requiring and requesting reasonable accommodation for same.

31. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA and FCRA, were intended to prevent.

32. In reality, Defendant's termination of Ms. Tucker's stemmed from its discriminatory animus toward her very recent request and need for accommodation under the ADA/FCRA, and her recent objections to Wabtec's discriminatory actions.

33. The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA/FCRA, her objections regarding disability discrimination, and her termination sufficiently clear.

34. The person to whom Plaintiff voiced her objections to Defendant's discrimination was a decision-maker in terms of retaliating against Plaintiff by terminating her employment.

35. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA/FCRA.

36. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for reasonable accommodation.

37. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

38. Ms. Tucker is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Checker.

6

39. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

40. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

41. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

42. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Tucker based solely upon her disability.

43. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

44. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

45. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

46. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

47. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

48. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

49. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

50. Any other reason given for Plaintiff's termination is a pretext, designed to cover up disability discrimination and retaliation.

51. Defendant did not have a good faith basis for its actions.

52. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

53. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

54. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 54, above.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

57. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

60. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back

9

pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 54, above.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

64. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

65. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

68. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 54, above.

70. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

71. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

72. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

73. Plaintiff's protected activity, and her termination, are causally related.

74. Defendant's stated reasons for Plaintiff's termination are a pretext.

75. The conduct of Defendant and its agents and employees proximately,

11

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

78. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 54, above.

80. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

81. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

82. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

83. Plaintiff's protected activity, and her termination, are causally related.

84. Defendant's stated reasons for Plaintiff's termination are a pretext.

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

87. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

88.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 22nd day of November, 2021.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com